## FIRST NATIONAL BANK OF OLNEY
### V.
### COPE BROTHERS ET AL.

APPEAL—DECREE RENDERED IN VACATION NOT FINAL.—This court has jurisdiction only in matters of appeal or writs of error from final judgments, orders or decrees. A decree filed in vacation, in the absence of any stipulation of the parties that such decree shall be final, is not such a final decree as may be appealed from.

APPEAL from the Circuit Court of Richland county; the Hon. JOHN H. HALLEY, Judge, presiding.

Messrs. CANBY & EKEY, for appellant.

Mr. J. M. LONGENECKER, for appellees.

BAKER, J.   Cope Brothers filed a bill to the November term, 1877, of the Richland Circuit Court, for the purpose of enforcing a mechanic's lien on a certain lot and premises described therein, and made William Ratcliff and the First National Bank of Olney parties defendant to said bill.   Edward S. Wilson et al. also filed a bill against the same parties for a similar lien, and the two cases were, by order of the court, consolidated.   Afterward K. D. Horrall, Prunty and Jolly and G. Gaddis & Co. were severally allowed to interplead, and they filed intervening petitions praying for liens for the respective amounts claimed by them to be due for material and labor on the same building and premises described in the two bills above mentioned.   At the November term of court the First National Bank of Olney answered the said several bills and petitions, and filed a cross-bill for a vendors' lien on said lot, making said Ratcliff and all of the several complainants and petitioners above mentioned defendants to said cross-bill.   This cross-bill was answered and replications were filed.

At the said term of court the following order was made and entered of record in the consolidated cause, to wit:

" On motion it is ordered that this cause be referred to A.V. Miller, a special master, to take testimony and report to this court, and this cause to be submitted at Jasper Circuit Court, and decree entered as of this term."

Testimony was taken in vacation before said special master, and his report thereof was filed in the clerk's office on the 6th day of December, 1877.

Afterward, and in vacation, the court rendered a decree in the case, which was filed December 10, 1877, in the clerk's office, and it does not appear from recitals in the decree, or otherwise, that the First National Bank was present when said cause was submitted, or when said decree was announced or filed.

On the 19th day of December, 1877, and also in vacation, a supplemental order was filed in the clerk's office, reciting that the aforesaid decree had been rendered after term time, and entered as of the said term, and that neither the said First National Bank nor its attorney was present at the time of the

rendition of the decree, and thereupon granting an appeal to said Bank upon its filing bond in the sum of $3,000, within thirty days. The Bank filed the required bond, and brings the record to this court.

In this state of the record it is only necessary to refer to one point in the case. This court has jurisdiction only in matters of appeal or writs of error from final judgments, orders or decrees. The decree filed in this case in vacation is not a final decree. The forty-seventh section of the thirty-seventh chapter of the Revised Statutes of 1874, page 332, provides that when a cause or matter is decided in vacation, the judgment, decree or order therein may be entered of record in vacation, but such judgment, decree or order may, for good cause shown, be set aside or modified or excepted to at the next term of the court, upon motion filed on or before the second day of the term, of which motion the opposite party or his attorney shall have reasonable notice, and that if not so set aside or modified it shall thereupon become final; and the section of the statute immediately following provides that if it is stipulated of record that a decree, judgment or order so entered of record in vacation shall be final, then such judgment, decree or order shall have the same force and effect as if it had been entered at the term preceding the time it is entered, subject to the right of appeal or writ of error.

In the case under consideration there was no such stipulation entered of record as is contemplated by this latter section of the statute, and it therefore follows that the decree filed in said cause in vacation is not a final decree; upon notice being given and motion filed in the Richland Circuit Court on or before the second day of the next term, it may be set aside or modified.

As the decree in question is not final, no appeal lies from it to this court, and consequently the appeal herein must be dismissed at the cost of the appellant.

Appeal dismissed.